# IN THE SUPREME COURT OF THE STATE OF NEVADA

FERNANDO NAVARRO HERNANDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73620

**FILED**

SEP 13 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on January 11, 2017, more than one year after the remittitur issued on appeal from the judgment of conviction. *Hernandez v. State*, 118 Nev. 513, 50 P.3d 1100 (2002). The petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, because appellant previously sought postconviction relief,[1] the petition was successive to the extent it raised claims that were previously litigated and resolved on their merits, and it constituted an abuse of the writ to the extent it raised new claims. *See* NRS 34.810(2). Finally, because the State pleaded laches, appellant had to overcome the presumption of prejudice to the State. *See* NRS 34.800(2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and actual prejudice, NRS 34.726(1); NRS 34.810(3), or a showing that the procedural bars should be excused to prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

Appellant argues that he demonstrated good cause and prejudice sufficient to excuse the procedural bars, and that a fundamental

---

[1]*Hernandez v. State*, 124 Nev. 978, 194 P.3d 1235 (2008); *Hernandez v. State*, Docket No. 60254 (Order of Affirmance, September 24, 2014).

miscarriage of justice would result if his petition was not considered, because *Hurst v. Florida*, 136 S. Ct. 616 (2016), set forth new retroactive rules that: (1) require trial courts to instruct jurors that the State must prove that the aggravating circumstances are not outweighed by the mitigating circumstances beyond a reasonable doubt, and (2) prohibit the reweighing of aggravating and mitigating circumstances when an aggravating circumstance is stricken by a reviewing court. We disagree. *See Castillo v. State*, 135 Nev., Adv. Op. 16, 442 P.3d 558 (2019) (discussing death-eligibility in Nevada and rejecting the arguments that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures or to appellate reweighing); *Jeremias v. State*, 134 Nev. 46, 57-59, 412 P.3d 43, 53-54 (rejecting the argument that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures), *cert. denied*, 139 S. Ct. 415 (2018). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Hon. Stefany Miley, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk